## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY DOWDLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-498** |
| **MSE CONSTRUCTION, ET AL.** | **SECTION "C" (2)** |

### ORDER AND REASONS[1]

Before the Court is defendants MSE Construction, MSE Building Co., Inc., and Gary Cofer's Motion to Dismiss.  Rec. Doc. 7.  Plaintiff Anthony Dowdle opposes the motion.  Rec. Doc. 13. Having examined the memoranda of counsel, the record, and the law, the Motion is GRANTED IN PART and DENIED IN PART for the following reasons.

### I. BACKGROUND

Plaintiff Anthony Dowdle ("Dowdle"), an African-American male, filed this suit *pro se* against defendants MSE Construction, MSE Building Co., Inc (collectively, "MSE"), and MSE superintendent Gary Cofer ("Cofer"), seeking judgment against the defendants for their alleged violation of his rights guaranteed by Title VII of the Civil Rights Act of 1964 and the Fourteenth Amendment to the United States Constitution.  Rec. Doc. 3, p. 3.  He claims lost wages and punitive damages in the amount of $250,000.  *Id.*

Plaintiff Dowdle applied with MSE Construction in September 2012 for a position as a form carpenter and concrete finisher.  Rec. Doc. 3, p. 2.  Dowdle alleges that defendant Cofer advised him that work was slow then but that he would contact him when work picked up.  *Id.*  In October 2012,

---

[1] Ashley Stockton, a second-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

Dowdle was hired by B & D Contracting, a temporary employment agency.  Rec. Doc. 3, p. 2.
Dowdle states he was informed that he would be making $16.00 an hour working for a then-
unidentified employer, and alleges he was told that if he demonstrated he could perform the
necessary job duties, the employer would give him an additional $1.00 an hour after a few days.  *Id.*
Dowdle was then given Cofer's information and was directed to the same construction site where
he had previously applied for a job.  *Id.*  He reported to Cofer the next day and began work for MSE.
*Id.*  He alleges that he repeatedly asked Cofer for a raise as was stipulated to him and was given no
definite answer.  *Id.*  Dowdle states that there were five or six other workers when he was initially
hired, some employed directly and full-time by MSE and some through a temporary staffing agency
like himself.  *Id.*  He states that he soon began to notice an increase in workers coming from
Alabama being hired by MSE for full-time positions.  *Id.*  Dowdle alleges that the defendants hired
twenty or twenty-five of these out-of-state workers between November 2012 and February 2013,
and alleges that they were paid more than he was and given better benefits.  *Id.*  Dowdle claims the
defendants discriminated against him because of his race.  *Id.* at 3.  As a result of this alleged
discrimination, Dowdle filed suit *pro se* on March 18, 2013.  *Id.*

In their Motion to Dismiss, the defendants argue that Dowdle fails to state a claim upon
which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Rec. Doc. 7.  They
contend that Dowdle does not allege that any defendant satisfies the statutory definition of
"employer" for purposes of Title VII, nor does he allege that any defendant was *his* employer.  *Id.*
at 2-3.  The defendants contend that Dowdle alleges he was employed by B & D, not MSE.  *Id.* at
2-3.  They maintain that the only potential claim Dowdle might have against the defendants under
Title VII is a claim arising from the defendants' failure to hire him, and they argue that this claim

should be dismissed because Dowdle fails to allege a *prima facie* claim of discrimination regarding the failure to hire. Rec. Doc. 7, p. 3-5. The defendants also state that Dowdle did not actually apply for a job with Cofer individually, and that Cofer therefore cannot be held individually liable. *Id.* at 6. Further, they ask that the Fourteenth Amendment claim be dismissed because Dowdle does not allege that any defendant is a state actor. *Id* at 5.

## II. LAW AND ANALYSIS

### A. 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by lawyers, and a district court should treat a *pro se* plaintiff with appropriate leniency. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a 12(b)(6) motion. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). When considering a motion to dismiss under Rule 12(b)(6), a district court must accept the factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor.[2] *Lormand v. US Unwired, Inc.*, 565

---

[2] The defendants contend Dowdle does not meet the pleading requirement for the failure to hire claim because he fails to allege a *prima facie* case of discrimination pursuant to *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.,* 245 F.3d 507, 512-513 (5th Cir. 2001) (holding that a plaintiff must satisfy the *prima facie* discrimination test established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and applied most recently in *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105, to survive a

F.3d 228, 232 (5th Cir. 2009); *see also Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284

(5th Cir. 1993).

**B. Title VII Claims**

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race,

color, religion, sex, and national origin. *See* 42 U.S.C. §2000e-2; *Fitzgerald v. Secretary, U.S. Dept.

Veterans Affairs,* 121 F.3d 203, 206 (5th Cir. 1997). Section 703(a) states in part:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or
> to discharge any individual, or otherwise to discriminate against any individual with respect
> to his compensation, terms, conditions, or privileges of employment, because of such
> individual's race, color, religion, sex, or national origin[.] 42 U.S.C. §2000e-2(a).

Dowdle claims that the defendants discriminated against him with respect to compensation and

employment privileges and that they failed to hire him because of his race. Rec. Doc. 3, p. 2-3; Rec.

Doc. 13, p. 2-3.

> *1. Title VII Claims against Defendant Gary Cofer*

To impose Title VII liability on an individual, the individual against whom recovery is

sought must qualify as an "employer" under the statute. *Grant v. Lone Star Co.,* 21 F.3d 649, 651

(5th Cir. 1994). An "employer" is defined as "a person engaged in an industry affecting commerce

. . . *and any agent of such a person."* 42 U.S.C. §2000e(b) (emphasis added). The Fifth Circuit has

accorded the phrase "any agent" a liberal construction, and immediate supervisors can be considered

---

summary judgment). Rec. Doc. 7, p. 3-5. However, the *McDonnell Douglas* framework is an
evidentiary standard, not a pleading requirement, and the Supreme Court "has never [held] that the
requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the
pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz
v. Sonoma N.A.,* 534 U.S. 506, 510, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002). An employment
discrimination complaint need not include specific facts establishing a *prima facie* case of
discrimination, but "instead must contain only 'a short and plain statement of the claim showing that
the pleader is entitled to relief.'" *Id.* at 508; Fed. R. Civ P. 8(a)(2); Rec. Doc. 13, p. 2-3.

"employers" if they have been delegated rights traditionally associated with the employer, such as hiring and firing. *Harvey v. Blake,* 913 F.2d 226, 227 (5th Cir. 1990). However, an employee may not maintain a suit against both an employer and its agent in his official capacity under Title VII because an employer could then effectively be held liable twice for the same act. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Here, Dowdle cannot maintain a Title VII suit against both MSE and against Cofer in his official capacity as MSE's agent. Therefore, the Motion to Dismiss as to the Title VII claims against Cofer is GRANTED.

### 2. *Title VII Claims against Defendants MSE Construction and MSE Building Co., Inc.*

Title VII liability under 42 U.S.C. §2000e-2(a) applies to "employer[s]" as defined in 42 U.S.C. §2000e(b). *See Turner v. Baylor Richardson Medical Center,* 476 F.3d 337, 343 (5th Cir. 2007); *Grant,* 21 F.3d at 651. For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has [15] or more employees for each working day in each of [20] or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. §2000e(b).

### a. Statutory Definition of "Employer"

A plaintiff must allege that the defendant meets this statutory definition of "employer" to state a Title VII claim under 42 U.S.C. §2000e-2(a). 42 U.S.C. §2000e(b); s*ee Arbaugh v. Y&H Corp.,* 546 U.S. 500, 502-503, 126 S.Ct. 1235, 1237-1238, 163 L.Ed.2d 1097 (2006) (identifying employee-numerosity requirement as an element of a plaintiff's claim for relief); *Dixon v. Primary Health Services Center,* No. 10-1490, 2011 WL 1326841, at *2 (W.D. La. March 3, 2011). A plaintiff must therefore allege enough facts to demonstrate that a defendant "has [15] or more employees for each working day in each of [20] or more calendar weeks in the current or preceding

calendar year" to survive a motion to dismiss a Title VII complaint.  42 U.S.C. §2000e(b); *see Dixon,* 2011 WL 1326841, at *2.

Dowdle alleges that MSE hired twenty to twenty-five out-of-state employees over the period from November 2012 to February 2013.  Rec. Doc. 3, p. 2-3.  He has therefore alleged that MSE meets the employee-numerosity requirement.  As he alleges that these employees were hired during the period from November to February, the job necessarily lasted approximately 17 weeks at minimum.  *Id.* at 2.  Dowdle also alleges that these employees were brought on as full-time employees, which indicates that they were hired on a more permanent and long-term basis than the employees from temporary agencies.  *Id.* at 3.  This Court takes these facts together and construes them as alleging that MSE has met the 20-week requirement to qualify as an employer.

### b. Employment Relationship

A plaintiff must additionally allege that the defendant is *his* employer to state a Title VII discrimination claim in regard to compensation or privileges of employment.  *See Dunn v. Uniroyal Chemical Co., Inc.,* 192 F. Supp. 2d 557, 560 (M.D. La. 2001).  Determining whether a defendant is a plaintiff's employer is a two-step process.  *Deal v. State Farm Cnty. Mutual Ins. Co. of Tex.,* 5 F.3d 117, 118 n.2.  First, the defendant must fall within the statutory definition.  *Id.*  Second, there must be an employment relationship between the plaintiff and the defendant, which is determined in the Fifth Circuit by applying a "hybrid economic realities/common law control test."  *Id*. at 118-119.  The right to control an employee's conduct is the most important part of the test, and when examining this control component, the court should focus on whether the alleged employer has the right to hire and fire the employee, supervise the employee, and set the employee's work schedule.  *Id.* at 119 (citing *Fields v. Hallsville Indep. Sch. Dist.,* 906 F.2d 1017 (5th Cir. 1990) and *Mares v.*

*Marsh,* 777 F.2d 1066 (5th Cir. 1985)).   The less-important economic realities component focuses

on whether the alleged employer paid the employee's salary, provided benefits, withheld taxes, and

set the terms and conditions of employment.   *Id.* (citing *Mares,* 777 F.2d 1066).

When an entity hires a plaintiff through a temporary employment or staffing agency, either

that entity or the temporary agency may be held liable as the plaintiff's employer under Title VII

depending on which better satisfies the factors of the "hybrid economic realities/common law

control test."   *Compare Johnson v. Manpower Professional Services, Inc.,* 442 F. App'x 977, 982

(5th Cir. 2011) (finding that company for which plaintiff recruited, not temporary staffing company

through which he obtained recruiting job, was his employer for purposes of a Title VII claim when

the majority of the "right to control" test factors pointed toward the company for which he

recruited), *with Roque v. Jazz Casino Co. LLC,* 388 F. App'x 402, 405 (5th Cir. 2010) (finding that

hotel did not have the requisite control to establish an employment relationship with custodian who

had been assigned to work at hotel by custodial services company since services company was

contacted when hotel had a problem with custodian's work and ultimately made decisions about

custodian's employment status).   Where the majority of the more important "right to control" factors

point to the entity that hired the plaintiff through the temporary agency, that entity is his employer

for purposes of Title VII, even if most of the economic realities factors point to the temporary

employment agency.   *Johnson,* 442 F. App'x at 982.

Dowdle alleges that he was given Cofer's information and instructed to report directly to him

for work, which indicates that Cofer, in his official capacity as MSE superintendent, had the right

to supervise Dowdle and set his work schedule.   Rec. Doc. 3, p. 2.   Cofer hired Dowdle through B

& D, and as Dowdle alleges, hired a few other workers from temporary agencies throughout the

period Dowdle worked for MSE, indicating that MSE had the right to hire (and presumably fire) temporary employees when they were needed. *Id.* These factors demonstrate that MSE had control over Dowdle, and the Fifth Circuit has held that where "an employer has the right to control and direct the work of an individual . . . an employer/employee relationship is likely to exist." *Fields*, 906 F.2d at 1019. Dowdle alleges that the terms of his employment related to compensation and the alleged raise were specified by MSE,  but states that B & D paid his wages and  that MSE did not provide benefits to him. Rec. Doc. 3, p. 2-3; Rec Doc. 13, p. 2. Although most of the economic realities factors point toward B & D as his employer, the majority of the more important right to control factors point to MSE, which indicates that MSE was his employer for Title VII purposes. *Johnson,* 442 F. App'x at 982; Rec. Doc. 3, p. 2-3; Rec. Doc. 13, p. 2.

Dowdle alleges that MSE falls within the statutory definition of "employer," and pleads enough facts to allege that he had an employment relationship with MSE. For these reasons, the Court finds that the plaintiff has pleaded sufficient facts to state plausible Title VII claims, and the Motion to Dismiss as to the Title VII claims against MSE Construction and MSE Building Co., Inc. is DENIED.

## C. Fourteenth Amendment Claim

Dowdle also claims that the defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause directs that all similarly situated persons should be treated alike. *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982). A plaintiff traditionally must allege that "*a state actor* intentionally discriminated against the plaintiff because of membership in a protected class" to state an equal protection claim. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (emphasis added). Here, Dowdle does not

allege that any defendant is a state actor, nor do any facts in the record suggest that any defendant is a state actor.  The plaintiff has not pleaded enough facts to state a claim to relief under the Fourteenth Amendment that is plausible on its face.  Therefore, the Motion to Dismiss as to the Fourteenth Amendment claim is GRANTED.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by defendants MSE Construction, et al. is GRANTED IN PART and DENIED IN PART.  Rec. Doc. 7.

IT IS FURTHER ORDERED that all claims against defendant Gary Cofer are DISMISSED.

New Orleans, Louisiana, this 24th day of June, 2013.


**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

9