UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY DOWDLE                                          CIVIL ACTION

VERSUS                                                         NO. 13-498

MSE CONSTRUCTION ET AL.                          SECTION "C" (2)

## ORDER AND REASONS ON MOTION

Defendant's Motion to Hold Plaintiff in Contempt of Court, Record Doc. No. 85,

concerning plaintiff's conduct at his recent deposition is currently pending before me.

The motion seeks an order "finding plaintiff in contempt of court and imposing any and

all appropriate sanctions, including but not limited to dismissal of [plaintiff's] claim." Id.

at p. 1 (emphasis added).  Plaintiff filed an untimely memorandum in opposition on June

12, 2014, Local Rule 7.5, without seeking leave of court to do so, which I have

nevertheless considered.  Record Doc. No. 93.

Having considered the written submissions of the parties, including the full

transcript of plaintiff's deposition, Record Doc. No. 85-3, the record, and the applicable

law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN

PART, subject to the order contained herein.

A pro se litigant like plaintiff in this case is not exempt from compliance with

relevant rules of procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th

Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex.

1994).  A pro se litigant who fails to comply with procedural rules has the burden of

establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The conduct of counsel, parties and deponents during a deposition is governed as an initial matter by Rule 30. "An objection at the time of the examination – whether to evidence, to a party's conduct, . . . to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to the objection.  An objection must be stated concisely in a nonargumentative and nonsuggestive manner."  Fed. R. Civ. P. 30(c)(2) (emphasis added).  In addition, a deponent may refuse to answer a deposition question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion" to the court to limit the examination.  Id.  (emphasis added).

The full transcript of plaintiff's deposition establishes that he violated Rule 30(c)(2).  The transcript reflects that, during his deposition testimony, plaintiff engaged in argument, obfuscation, improper speech-making objections, intentional interruption and disruption.  Although he answered many questions during the approximate two-hour duration of the deposition, he also refused to answer numerous individual questions.  Plaintiff terminated the deposition prematurely before the examination was complete, although he stated that he would "stop this at this time, this date, and we can reschedule next week this time."  Record Doc. No. 85-3 at p. 27 (deposition transcript at p. 104).

Despite these violations, however, the severe sanctions of the contempt citation or dismissal sought in this motion are available only when "the court . . . orders a deponent . . . to answer a question and the deponent fails to obey," or when "a party . . . fails to obey an order under Rule 26(f), 35, or 37(a), . . ." Fed. R. Civ. P. 37(b)(1) and (2)(A)(v). Even then, the dispositive and draconian remedy of dismissal as a discovery sanction is reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders. See Doe v. Am. Airlines, 283 F. App'x 289, 291 (5th Cir. 2008); Davis v. Auto Club Family Ins. Co., No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing Fed. Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1381 (5th Cir. 1994); Equal Emp't Opportunity Comm'n v. Gen. Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993); Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985)). "[I]t is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988) (quoted in Brown v. Oil States Skagit Smatco, 664 F.3d 71, 77 (5th Cir. 2011). Because "dismissal with prejudice 'is a severe sanction that deprives a litigant of the opportunity to pursue his claim,'" it is an appropriate sanction only where the misconduct fits the egregiousness standard noted above and where "'lesser sanctions would not serve the best interests of justice'" and "when the objectionable conduct is that

of the client, and not the attorney." <u>Brown</u>, 664 F.3d at 77 (quoting <u>Woodson v. Surgitek, Inc.</u>, 57 F.3d 14086, 1418 (5th Cir. 1995) and <u>Sturgeon v. Airborne Freight Corp.</u>, 778 F.2d 1154, 1159 (5th Cir. 1985)).

The severe sanctions of contempt or dismissal sought in this motion are unwarranted under the current circumstances presented by this case. No direct disobedience to a court order and no continuing contumacious conduct of the type described in the cases cited above occurred <u>in</u> <u>connection</u> <u>with</u> <u>this</u> <u>deposition</u>. The record indicates that after having failed to appear for his previously noticed deposition, plaintiff also failed to appear for a status conference before the district judge and then failed to submit to the district judge his portion of the proposed pretrial order.  Record Doc. Nos. 60, 71, 76. However, the district judge subsequently accepted his temporary incarceration as adequate cause for and excused these failures, and plaintiff was then ordered to appear for his deposition.  Record Doc. Nos. 81-83.  He complied.

During the deposition, the parties telephoned me once, while they were engaged in a dispute with each other.  Their exchange with the court was recorded and is included in the deposition transcript.  During that exchange, I did not order plaintiff to answer any particular question, since no improperly unanswered question could quickly be identified by the court reporter.  Record Doc. No. 85-3 at pp. 20-21 (deposition transcript at pp. 78-80).  Instead, I directed the parties to "[c]ontinue with the deposition . . . and just reserve the questions that Mr. Dowdle won't answer . . . [a]nd then you can file a motion later

to compel if that's what's necessary." Id. at p. 21 (deposition transcript at p. 80) (emphasis added).

Applying the foregoing legal standards and under these circumstances reflected in the deposition transcript, I find that the severe sanctions of a contempt citation or dismissal are unwarranted. Thus, the motion is denied in part insofar as it seeks dismissal or a contempt finding as sanctions.

In the conference with the court during plaintiff's deposition, I instructed the parties to proceed with the deposition, and to "file a motion to compel if that's what's necessary" because that is the appropriate procedure and remedy: "A party seeking discovery may move for an order compelling an answer . . . if a deponent fails to answer a question asked under Rule 30 . . . ." Fed. R. Civ. P. 37(a)(3)(B)(i). Defendant's motion papers fail specifically to identify by page or line reference any particular question that plaintiff improperly failed to answer. My own review of the deposition transcript establishes that many of defense counsel's questions that plaintiff refused to answer were phrased differently repetitions of the same previously unanswered questions. Again, when plaintiff ended the deposition session, he offered to "stop this at this time, this date, and we can reschedule next week this time." Record Doc. No. 85-3 at p. 27 (deposition transcript at p. 104). Under these circumstances, it appears that the appropriate remedy is to require plaintiff to answer the questions he improperly refused to answer during his deposition, as contemplated by Rule 37(a)(3)(B)(i).

In light of the difficulties experienced during plaintiff's oral deposition, before any further oral examination that might be sought may be conducted, and eliminating and consolidating the unanswered questions that appear to have been duplicates of other unanswered questions, the motion is granted in part as follows:

**IT IS ORDERED** that plaintiff must answer the following questions concerning information he refused to provide at his deposition, in writing and signed by him under oath before a notary public or certified to be true under penalty of perjury pursuant to 28 U.S.C. § 1746, and provide these verified written answers to counsel for defendant no later than **July 16, 2014**:

Do you have any other facts to support your allegation that MSE Building Company, Inc., made a decision not to hire you because of the color of your skin? Record Doc. No. 85-3 at p at 9 (deposition transcript at p. 29, lines 3-6).

What documents do you possess which show that the Hispanic workers were in fact illegal aliens? Record Doc. No. 85-3 at p. 10 (deposition transcript at p. 36).

What are the full names of the persons you contend helped you obtain documentation regarding employees of MSE Building Company, Inc. online? Record Doc. No. 85-3 at pp. 11, 17-21 (deposition transcript at pp. 38-44 and 82).

At what street address are the documents that you contend were provided to you by "Sammy and Sarah" located or stored? Record Doc. No. 85-3 at pp. 12-14, 22 (deposition transcript at pp. 44-52, 60-61, and 82, lines 13-16).

How many pages are there in the documents? Record Doc. No. 85-3 at 13 (deposition transcript at p. 52, lines 17-20).

Are the employees' Social Security numbers in these documents? Record Doc. No. 85-3 at 13-14 (deposition transcript at pp. 53-54).

Do the documents have the home addresses of the employees? Record Doc. No. 85-3 at 14 (deposition transcript at pp. 54-57).

Do the documents refer to the immigration status of those employees? Record Doc. No. 85-3 at 14-15 (deposition transcript at pp. 57-59).

Are these documents the evidence that you contend establishes that the Hispanic workers you keep referring to were not legally either in this country or properly documented or otherwise legally employed?  Record Doc. No. 85-3. at 15-16 (deposition transcript at p. 61-62).

How would these documents show that MSE Building Company, Inc., hired illegal and undocumented workers? Record Doc. No. 85-3 at p. 16 (deposition transcript at pp. 62-63).

How do these documents establish your claim that you were discriminated against?  Record Doc. No. 85-3 at p. 17-19 (deposition transcript at pp. 65-69).

When you showed up at the work site after you applied with B&D and before you showed up at the work site to work for B&D, did you ever talk to Gary Colfer?  Record Doc. No. 85-3 at p. 27 (deposition transcript at p. 103, 2-17).

Finally, I note that the court's record contains no indication that either side complied with the court's order pursuant to Fed. R. Civ. P. 26(a)(3) to file in the court's record and serve upon each other their lists of witnesses who may testify and exhibits that might be introduced at trial.  Record Doc. No. 18 at p. 2.  Accordingly,

**IT IS FURTHER ORDERED** that, no later than **July 16, 2014**, plaintiff must file in the record and serve upon defense counsel, and defense counsel must file in the record and serve upon plaintiff, their lists of all witnesses who may be witnesses at trial,

including the full name, address and telephone number of each witness, and their lists of all documents or other exhibits that they may offer into evidence at trial.  Fed. R.  Civ. P. 26(a)(3)(A)(i) and (iii).

**IT IS FURTHER ORDERED** that, no later than **July 16, 2014**, plaintiff must produce to defense counsel, and defense counsel must produce to plaintiff, copies of all documents or other exhibits included on the exhibit lists filed with the court.

New Orleans, Louisiana, this _____2nd_____ day of July, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. HELEN G. BERRIGAN**