UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY DOWDLE                                   CIVIL ACTION

VERSUS                                           NO. 13-498

MSE CONSTRUCTION,                                SECTION "C" (5)
MSE BUILDING CO., INC.,
GARY COFER, ET AL

ORDER AND REASONS

This matter comes before the Court on motion to dismiss for lack of subject matter jurisdiction filed by the defendant MSE Building Co., Inc. Rec. Doc. 89. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The plaintiff, Anthony Dowdle ("Dowdle") an African-American male, filed this suit *pro se* claiming damages under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e for racial discrimination and hostile work environment. Rec. Doc. 3 at pp. 2-3. Remaining as defendants are MSE Construction and MSE Building Co., Inc. The Court previously denied a motion to dismiss filed by these remaining defendants finding, in part, that the plaintiff "pleads enough facts to allege that he had an employment relationship with MSE," referring to the two defendants collectively. Rec. Docs. 7, 15 at 8. Thereafter, MSE Building Co., Inc., moved to file an amended and superceding answer, removing

any reference to "MSE Construction" from its previously-filed answer. Rec. Docs. 22, 16. No opposition to that motion was filed by the plaintiff and the amendment was allowed. Rec. Doc. 40. In this motion, MSE Building Co., Inc. seeks dismissal for a lack of subject matter jurisdiction because it was not named in the plaintiff's EEOC complaint as required under Title VII.

In order to prevail on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the mover must show it is certain that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998). In determining whether the plaintiff has met this burden, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Reading the complaint in the light most favorable to the plaintiff, it appears to the Court that the plaintiff has alleged that MSE Construction and MSE Building Co., Inc. are a single corporation. Rec. Doc. 3 at 1. The mover, MSE Building Co., Inc. has not provided any proof as to that issue in this motion. Although the subject matter jurisdiction of the Court needs to be established, the motion to dismiss based on the allegations of the complaint must be denied.

Accordingly,

IT IS ORDERED that the motion to dismiss for lack of subject matter jurisdiction

filed by MSE Building Co., Inc. is DENIED.  Rec. Doc. 89.

New Orleans, Louisiana, this 21st day of July, 2014.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT